UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 26-60489-CIV-CANNON

**LANDIS LEDESMA NUNEZ**,

 Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL**, *et al.*,

 Respondents.
_____/

**ORDER TO PAY FILING FEE OR FILE MOTION TO PROCEED
*IN FORMA PAUPERIS* AND DENYING EMERGENCY MOTIONS**

**THIS CAUSE** comes before the Court upon Petitioner Landis Ledesma Nunez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], along with the following Emergency Motions: (1) Motion for Immediate Release [ECF No. 3]; (2) Motion to Expedite Consideration [ECF No. 4]; (3) Emergency Motion for Temporary Restraining Order [ECF No. 5]; and (4) Emergency Motion for Stay of Removal [ECF No. 6]. Petitioner has neither paid the Clerk's filing fee nor filed a motion to proceed *in forma pauperis*.

**LEGAL STANDARDS**

A party filing a petition for writ of habeas corpus must either pay "the applicable filing fee" of $5.00 or file "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of

confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a), Rules Governing 2254 Cases in the United States District Courts.[1]

Additionally, a party "seeking injunctive relief to prevent future injury must establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending." *Cambridge Christian Sch., Inc. v. Fla. High School Athletic Assoc., Inc.*, 115 F.4th 1266, 1281 (11th Cir. 2024) (quoting *Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167, 190 (2000)) (internal quotation marks omitted). To be entitled to "temporary restraining or preliminary injunctive relief," a movant must clearly establish all of the following elements: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citations omitted); *see also Callahan v. U.S. Dep't of Health & Human Servs. et al.*, 939 F.3d 1251, 1257 (11th Cir. 2019).

## DISCUSSION

Petitioner has failed to pay the required filing fee or to file an appropriate motion to proceed *in forma pauperis*. More substantively, Petitioner's allegations of unlawful detention fail to demonstrate a substantial likelihood of success on the merits of Petitioner's claims or provide a basis for release from mandatory detention. *See Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

---

[1] The Court may apply Rule 3(a) to the instant § 2241 Petition. *See* Rule 1(b), Rules governing § 2254 Cases in the United States District Courts.

CASE NO. 26-60489-CIV-CANNON

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before **March 15, 2026**, Petitioner shall either pay the Clerk's filing fee of $5.00 or, in the alternative, shall file a motion to proceed *in forma pauperis* on the authorized form (AO 239) provided with this order, with supporting financial affidavit, and an account statement in accordance with Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts.

2. If the filing fee is paid, the check or money order must bear **CASE NO. 26-60489-CIV-CANNON** so the fee will be docketed in the correct case.  This is especially important where the prisoner has filed more than one case.

3. **Petitioner is cautioned that failure to pay the filing fee or to file a compliant motion to proceed *in forma pauperis* will result in dismissal of this case without prejudice and without further notice**.

4. Petitioner's Motion for Immediate Release [ECF No. 3], Motion to Expedite Consideration [ECF No. 4], Emergency Motion for Temporary Restraining Order [ECF No. 5], and Emergency Motion for Stay of Removal [ECF No. 6] are **DENIED**.

5. The Clerk is directed to **MAIL** a copy of this Order to Petitioner at the address listed below and enter a notice of compliance confirming the same.

**ORDERED** in Chambers at Fort Pierce, Florida, this 27th day of February 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     **counsel of record**

**Landis Ledesma Nunez,** *pro se*
A# 220-894-142
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, Florida 33073

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov